UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE BARIJAOS,

          Plaintiff,

    v.

SONOMA COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

          Defendants.

Case No.  25-cv-08501-JD

**SECOND ORDER RE DISMISSAL**

Pro se plaintiff Jose Barijaos sued the City of Petaluma and the Petaluma Police Department (together Petaluma), the Sonoma County District Attorney's Office (Sonoma), and unnamed officers under 42 U.S.C. § 1983 and other state and federal laws in connection with his arrest and prosecution for a fight with a coworker in October 2024.  Dkt. No. 1.  The Court dismissed the prior complaint because it "barely alleges anything at all in the way of facts," and was almost entirely "purely conclusory allegations about civil rights violations."  Dkt. No. 47.  Dismissal was with leave to amend.  *Id.* at 2.  Barijaos filed a first amended complaint (FAC), Dkt. No. 60, which was presented as a red-lined edit of the prior complaint.  Petaluma and Sonoma ask again to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dkt. Nos. 64, 65.  The parties' familiarity with the record is assumed, and the FAC is dismissed.

The reasons for dismissal are straightforward.  To start, Counts One through Three of the FAC allege violations of the First and Fourth Amendments under 42 U.S.C. § 1983 against Petaluma and Sonoma.  To plausibly allege these claims, the FAC should have provided facts showing that (1) Barijaos was deprived of a constitutional right, "(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation."  *Plumeau v. Sch.*

*Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted); *see also Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1128 (N.D. Cal. 2021) (and cases cited therein). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

The FAC did not present any facts that might allow even an inference that these essential elements of a Section 1983 claims were plausibly alleged. The FAC offers a few rather oblique references to the conduct of unnamed police officers on the day of the incident, but a public entity is liable only for its "own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011). A public entity may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). The FAC did not plausibly allege that the ostensible constitutional torts were the result of policies or practices sponsored by Petaluma or Sonoma.

The fact that the FAC concerns only a single incident also undercuts the plausibility of the Section 1983 claims. That is because "a policy or practice requires more than a few occurrences of challenged conduct. A single or even a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under Section 1983." *Escobar-Lopez*, 527 F. Supp. 3d at 1128 (citing *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014)); *see also Connick*, 563 U.S. at 61 (practices must be "so persistent and widespread as to practically have the force of law"); *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) ("Generally, 'a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*.'") (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)). The FAC focuses entirely on one event in 2024 that is not linked in a non-conclusory way to similar incidents.

Overall, the Section 1983 claims in the FAC are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice" to plausibly allege a claim. *Iqbal*, 556 U.S. at 678. Consequently, they are dismissed.

So too for the remaining claim.  Count Four alleges claims under 18 U.S.C. § 1512, 18 U.S.C. § 1519, and California Penal Code sections, but these are criminal statutes without a private right of action in a civil case.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability.") (citations omitted); *I. D. v. Abler*, No. 25-CV-04431-JD, 2025 WL 2337085, at *1 (N.D. Cal. Aug. 13, 2025).  It is dismissed.

The closing question is whether Barijaos should be permitted another opportunity to amend.  The Court has afforded Barijaos the generous consideration given to pro se litigants.  Even so, he "still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim." *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021) (citation omitted), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023).  Barijaos has now filed multiple complaints.  He was afforded leave to amend after entry of a dismissal order that identified the shortcomings in his complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The Court's discretion in providing additional opportunities to amend is "particularly broad," *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), and the record indicates that further amendment would not be productive.  Consequently, dismissal is without further leave to amend, and the case is closed.

**IT IS SO ORDERED.**

Dated: May 5, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3